UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ASHLEY SUTFIN                                                                                      PLAINTIFF

V.                                          No. 3:22-CV-54-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                         DEFENDANT

## ORDER

### I.   Introduction

Plaintiff, Ashley Sutfin ("Sutfin"), applied for supplemental security income on September 14, 2020, alleging disability beginning on August 11, 2020. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application on July 7, 2021. (Tr. at 11–20). The Appeals Council denied her request for review on February 8, 2022, making the ALJ's denial of Sutfin's application for benefits the final decision of the Commissioner. (Tr. at 1–4).

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

### II.   The Commissioner's Decision

The ALJ found that Sutfin, who was 29 years old when she filed her application for benefits, had not engaged in substantial gainful activity since the

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

application date of September 14, 2020.[2] (Tr. at 13, 19). The ALJ found, at Step Two, that Sutfin had the following severe impairments: lumbar degenerative disc disease, obesity, and degeneration joint disease of the knees. (Tr. at 13).

After finding that Sutfin's impairments did not meet or equal a listed impairment[3] (Tr. at 15–16), the ALJ determined that Sutfin had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations.[4] (Tr. at 17). She could not climb ladders, ropes, or scaffolds, and she could no more than occasionally stoop and crouch. *Id*. Finally, she should avoid concentrated exposure to excessive vibration. *Id*.

The ALJ determined that Sutfin was unable to perform any of her past relevant work. (Tr. at 19–20). At Step Five, the ALJ relied upon Vocational Expert ("VE") testimony to find that, based on Sutfin's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform,

---

[2] For supplemental security income claims, the relevant time-period begins on the date the application was filed. 20 C.F.R. §§ 416.335, 416.920. The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of  impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g).

[3] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

[4] 20 C.F.R. § 404.1567(b).

including positions such as cashier and attendant. *Id*. Thus, the ALJ concluded that Sutfin was not disabled. *Id*.

### III. Discussion

#### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

## B. Sutfin's Arguments on Appeal

Sutfin contends that evidence supporting the ALJ's decision to deny her application for benefits is less than substantial. She argues that: (1) the RFC did not incorporate all of Sutfin's limitations; and (2) the ALJ erred at Step Two. The Court finds support for Sutfin's first argument.

The relevant time-period for adjudication of benefits is September 14, 2020 through July 7, 2021. (Tr. at 20). During that time, Sutfin sought treatment for moderate-to-severe back pain, which interfered with her ability to perform daily activities. She said she could do some chores, shop, and help care for pets and children, but that her daughter and mother had to assist with these things.[5] (Tr. at 17, 36–46). Sutfin had to take breaks during any physical activity and spent most of the day resting. *Id*.

Objective testing, including x-rays, CT, and MRI, confirmed lumbar degenerative disease. (Tr. at 267–299). Per her doctors' instructions, Sutfin tried

---

[5] See *Draper v. Barnhart*, 425 F.3d 1127, 1131 (8th Cir. 2005) ("the fact that Draper tries to maintain her home and does her best to engage in ordinary life activities is not consistent with her complaints of pain, and in no way directs a finding that she is able to engage in light work").

medication, steroid injections, physical therapy, rest, and ice to help with pain.[6] (*Id.*; Tr. at 255–265). These modalities provided only minimal benefit. (Tr. at 240–250, 287–289). At clinic visits, Sutfin showed decrease range of motion, tenderness to palpation, muscle spasm, and an antalgic gait. (Tr. at 240–250, 349–359). She walked with a limp. *Id*. In spite of all this, the ALJ concluded that Sutfin could perform light work, which requires a good deal of walking and standing.[7]

The most obvious error by the ALJ is that he said the record was devoid of evidence of straight-leg raising. (Tr. at 17). The straight-leg raise test is "commonly used to identify disc pathology or nerve root irritation, as it mechanically stresses lumbosacral nerve roots. It also has specific importance in detecting disc herniation and neural compression."[8] At a September 16, 2020 appointment with her treating back specialist, Sutfin clearly demonstrated positive straight-leg raising on both the left and the right. (Tr. at 240–245). She also showed reduced leg strength and trigger points in her back. *Id*. The ALJ clearly erred when he skipped over the evidence of bilateral straight-leg raise. This was not harmless error, because it compromised the ALJ's RFC determination. *See Delph v. Astrue*, 538 F.3d 940, 947 (8th Cir. 2008)

---

[6] Notably, the ALJ ignored the fact that Sutfin attended two months of physical therapy, which made her hurt worse; the ALJ wrote that Sutfin "only treated her degenerative disc disease with medication." (Tr. at 18, 40–41).

[7] 20 C.F.R. § 404.1567.

[8] https://www.physio-pedia.com/Straight_Leg_Raise_Test.

(where a claimant had degenerative disc disease, positive straight-leg raise, muscle spasms, and walked with a cane, the ALJ properly determined that he could not even perform sedentary work). Reversal is warranted.

## IV.   Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ omitted important evidence from his discussion, and the RFC did not fully incorporate Sutfin's limitations.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 10th day of March, 2023.

                                                               _____
UNITED STATES MAGISTRATE JUDGE